# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:10-CR-130 |
| | ) | |
| CHAD ROYAL and | ) | |
| JASON KELLEY | | |

## **O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated March 4, 2011. [Doc. 52]. The Magistrate Judge recommends that the defendants' motions to suppress all evidence seized during a pat down and search of a vehicle be denied.

The defendants have filed objections to this report. [Docs. 53 and 56]. The defendants contend that officers had no reasonable suspicion of criminal activity, and thus, the brief investigatory stop conducted by police officers was in violation of their Fourth Amendment rights against unreasonable searches and seizures. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).[1] Consequently, they argue that the evidence seized during that investigatory stop and

---

[1] Kelley acknowledges that officers had the right to approach and question him but argues that "at some point" the event became a seizure, [Doc. 53, p. 3].

pat down must be suppressed. They also contend that because the original investigatory stop violated their constitutional rights, the subsequent search of Chad Royal's mother's vehicle was the fruit of the poisonous tree and the evidence seized during that search must also be suppressed.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. Amend. IV. This protection extends to all seizures, including a brief investigatory *Terry* stop. *United States v. Arvizu,* 534 U.S. 266, 273 (2002). An officer may stop a person under *Terry* only if he "has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Place,* 462 U.S. 696, 702(1983). Reasonable suspicion "must be based on specific, objective facts," *Brown v. Texas,* 443 U.S. 47, 51 (1979), and requires that "the detaining officers have a particularized and objective basis for suspecting the particular person stopped of criminal activity," *United States v. Cortez,* 449 U.S. 411, 417-18 (1981). The determination of whether reasonable suspicion existed must be based on the totality of the circumstances at the time of seizure. *Arvizu,* 534 U.S. at 273, 122 S.Ct. 744.

As established by the transcript, that totality of the circumstances consisted of the following facts: (1) the defendants were at a car wash which was the type of facility that had been having a lot of break-ins and which officers knew to

check while on patrol; (2) it was 5:00 a.m.; (3) the defendants had no vehicle at the car wash; (4) they were wearing dark "hoodies" on a warm night; (5) they were sweating profusely; (6) they were very nervous; and (7) the defendants had some type of insulation, "kinda pink stuff that's up in attics," on their clothing.[2] The Court FINDS these circumstances were sufficient to allow police officers to reasonably suspect the defendants of criminal activity and to conduct an investigatory stop. In addition, based upon the testimony of Officer Sexton, the defendants consented to a pat-down which revealed a bag marijuana, a speed loader for a firearm, and a large screwdriver in the pockets of the defendant Chad Royal, all of which were further evidence of criminal activity warranting further investigation. Thus, the defendants' arguments are without merit.

After careful *de novo* consideration of the transcript of the evidentiary hearing conducted on February 22, 2011, the Report and Recommendation of the United States Magistrate Judge, the defendants' objections to the Report and

---

[2] The defendants make much of the Magistrate Judge's consideration of this factor. They argue that it was not mentioned in any of the officers' reports and was raised for the first time at the suppression hearing. No steps were taken to preserve the clothing as evidence but the clothing was brought to the suppression hearing from the jail pursuant to defense subpoena. Despite the fact that the clothing had been in the successive possession of the Morristown Police Department, the Hamblen County Jail and the Greene County Jail, the booking officer at the Greene County Jail testified at the suppression hearing, after being asked to examine the clothing to determine if he could see anything on a jacket that he considered to be insulation, that he could identify a small piece of insulation on the inside of the jacket. Defendant Royal invites this Court to look at the exhibit for itself. Whether insulation is currently on the clothing is of little consequence. The Magistrate Judge credited the testimony that it was present at the time of the stop, a credibility determination that was, and remains, reasonable.

Recommendation, the defendants' motions to suppress, the response of the government, and for the reasons set out in the Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendants' motions to suppress are **DENIED.** [Docs. 18 and 23].

    ENTER:

                                                   s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE