UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHAD ROYAL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 2:10-CR-130-JRG-MCLC-1 |
| | ) | 2:16-CV-85-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 110]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on June 30, 2016 [Doc. 116]; Petitioner filed a pro se reply in turn on July 28, 2016 [Doc. 117]. For the reasons below, Petitioner's § 2255 motion [Doc. 110] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

In 2009, Petitioner stole a firearm and ammunition during a burglary [Doc. 61]. He later pled guilty to possessing that firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.*]. Based on twelve prior Tennessee convictions for Class D simple burglary and one prior Florida conviction for burglary-of-a-structure, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [Presentence Investigation Report (PSR) ¶¶ 23, 36, 38, 39, 40, 41, 43, 45, 46, 47, 50]. In accordance with that designation, this Court sentenced Petitioner to 200 months' imprisonment

[Doc. 85]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence. *United States v. Royal*, 523 F. App'x 377, 388 (6th Cir. 2013). The Supreme Court denied Petitioner's request for a writ of certiorari on October 7, 2013. *Royal v. United States*, 134 S. Ct. 312 (2013).

Slightly less than two years later—on April 13, 2016, Petitioner filed the instant petition for collateral relief based on the *Johnson* decision [Docs. 110, 113].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).  The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010).  Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*.  135 S. Ct. at 2563.  The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses.  *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).  Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction.  *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B).  *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016).  To determine whether an offense qualifies

under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least three of his prior convictions remain violent felonies independent of the now-defunct residual provision.[1] Specifically, binding Sixth Circuit authority makes clear that all twelve of Petitioner's Class D burglary convictions remain violent felonies after the *Johnson* decision under the ACCA's enumerated-offense clause. *See Priddy*, 808 F.3d at 685 (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause).[2]

Because at least three prior convictions remain violent felonies under provisions unaffected by the *Johnson* decision, Petitioner has not established an entitlement to relief. The Court need not address the status of Petitioner's prior Florida conviction for burglary.

## IV.   CONCLUSION

---

[1]   Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the offenses listed as grounds for ACCA enhancement.

[2]   Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

4

For the reasons discussed above, the § 2255 motion [Doc. 110] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE